## STATE v BEVAN

Ohio Appeals, 2nd Dist, Clark Co

No 393. Decided Nov 18, 1938

William Billikam, Springfield, and Harry W. Snodgrass, Springfield, for plaintiff-appellee.

Aaron J. Halloran, Springfield, for defendant-appellant.

**OPINION**

By BARNES, PJ.

The above entitled cause is now being determined as an error proceeding on defendant's appeal on questions of law from the judgment of the Municipal Court of the City of Springfield, Clark County, Ohio.

On March 21, 1938,—

"O. S. Feeley, an inspector of the Department of Agriculture of Ohio, filed an affiadvit against A. W. and Walter E. Bevan, doing business as the Bevan Dairy, charging that on or about the 9th day of February, 1938, at the City of Springfield, County of Clark, State of Ohio, did then and there re-fill or cause to be re-filled the following containers with milk:

"Six (6) milk bottles belonging to the Citizens Dairy. Four (4) milk bottles belonging to the Springfield Purity Dairy.

"Two (2) milk bottles belonging to the Cosmos Dairy.

"Two (2) milk bottles belonging to the Burnett Road Dairy.

"That all of said containers were filled with intent to sell their contents and that all of said containers were marked, designated and registered in compliance with §13169 GC. Said containers were refilled without the consent of the corporations above noted whose marks and devices were in and upon the said containers and without having purchased said containers from said corporation; all in violation of §13169-2 GC, contrary to the statute in such case made and provided and against the peace and dignity of the State of Ohio."

Warrants were issued upon which defendants were arrested and thereafter were arraigned in the Municipal Court of Springfield, Ohio, on the charge, whereupon they entered pleas of not guilty. Upon hearing the court found probable cause to believe the defendant, Walter A. Bevan, guilty.

Motion for new trial was duly filed, afterwards overruled, and defendant sentenced to pay a fine of $25.00.

At the same time a second affidavit was filed against the same defendants charging the same offense but upon a different date. Defendant found guilty in second case and sentenced. It was agreed that the cases be tried together, and it was also agreed that the two cases are joined in the error proceeding in this court. Plaintiff through his counsel sets out the following assignments of error:

1. Error in the admission of testimony over objection.

2. The judgment of the court was contrary to law.

3. The verdict and judgment is not sustained by sufficient evidence.

We will take up and consider these assignments of error in the order suggested.

Two or three witnesses over objection of defendant were permitted to testify that the milk bottles referred to in the affidavit were registered. One or possibly both of the inspectors representing the state presented such testimony as did another witness who stated that he was connected with one of the companies referred to as an owner of some of the bottles in question. We think the objection to the evidence offered should have been sustained. The question as presented called for nothing more than a conclusion of the witness. The witness may or may not have known the requisite steps necessary to take through which the bottles could be said to be registered. The witness who testified that he was connected with one of the companies, but how connected was not shown, made the general statement that his company's bottles were registered. However, the evidence did not go far enough to disclose what, if anything, was done as directed by the Code.

In order to have a better understanding of this question, it is necessary to have in mind the exact pertinent provisions of the applicable sections of the Code. The original act was an amendment of a prior enactment and was passed March 15, 1921, and contained five sections designated by the following numbers: §§13169, 13169-1, 13169-2, 13169-3, and 13423-1, GC. §13169, GC, with all matter deleted except as applicable to the instant case reads as follows:

"Any person * * * engaged in * * * bottling or selling of * * * milk * * * and using in the * * * sale and delivery of the same any bottles, * * * may mark and designate such bottles * * * with his * * * name or other mark or device, branded, stamped, engraved, etched, blown or otherwise produced upon the same, and file in the office, of the Secretary of State and also in the office of the Clerk of Courts of the county in which his or its principal place of business is situated a description of such name, mark or device and cause such description to be printed once in each week for three weeks successively in a newspaper published in such county * * *.

"When any such person, * * * shall have complied with the provisions of this section, he or it shall thereupon be deemed the proprietor of such name, mark or device and of every such bottle * * * upon which may be branded, stamped, etched, engraved, blown or otherwise produced upon the same, such mark or device."

Supplemental §13169-a, GC, enacted August 9, 1937, has no particular application in the instant case. This is also true of §13169-1 GC. The pertinent portion of §13169-2 GC reads as follows:

"It is hereby declared unlawful for any person, * * * to fill or re-fill or cause to be filled or re-filled, * * * with milk, * * * any bottle * * * so marked or designated as aforesaid by any name, mark or device of which a description shall have been filed and published, as provided in §§13169 and 13169-1 GC of this Act."

Sec 13169-3 GC contains the penalty provision and in substance provides that whoever violates any provisions of the Act shall be punished, etc.

Sec 13423-1 GC confers jurisdiction on Justices of the Peace, police judges and mayors of cities and villages in all cases of violation of any law relating to the filling or re-filling of registered containers, etc. It will be observed that under §13169 GC, that the following is requisite for the register of bottles: (1) File in the office of the Secretary of State and also in the office of the clerk of courts in the county in which his or its principal place of business is situated a description of such name, mark or device. and (2) **Cause such description to be printed once in each week for three weeks successively in a newspaper published in such county.** (Emphasis ours).

Sec 13169-2 GC referring to the unlawful use, etc., among other things, provides that it is unlawful to fill or re-fill any bottle so marked or designated as aforesaid by any name, mark or device **of which a description tion shall have been filed and published as provided in §§13169 and 13169-1 GC of this Act.** (Emphasis ours).

There is not a scintilla of evidence that the description of such name on the bottles was printed in a newspaper as required under §§13169 **and 13169-2 GC,** nor as to filing with the Secretary of State or clerk's office. Unless and until this provision is complied with there cannot be a register of bottles, etc. All the requisites for register must be complied with before there can be a criminal violation of the Act. As heretofore stated, the testimony of the witnesses in the nature of a conclusion that the bottles were registered is not sufficient. In a criminal action it is necessary to show that all the requisite steps have been taken to constitute a register.

The evidence being deficient in the particulars mentioned we have no alternative but to reverse the judgment of the trial court.

Infirmities such as are presented in the record in this case occur so frequently where inspectors of various state agencies instigate prosecutions that we think it opportune to call attention to the fact with the hope that this opinion may reach all such agencies and prosecuting officers, and thus eliminate these very common errors. It is probable that city attorneys and prosecuting attorneys depend to too great an extent on the belief that the inspectors through their daily contacts with such offenses will have available all requisite proof and fail to carefully study the pertinent sections of law as they generally do when they initiate the prosecution. If city attorneys or prosecuting attorneys have any such idea they should discard it at once. It has been our observation that very generally inspectors, after their investigation satisfies them that the accused is guilty, lend little if any aid to the obtaining of the requisite testimony.

We quite agree that the inspectors ought to take sufficient time to familiarize themselves with the penal sections with which they deal and thus be able to know what evidence is necessary to be procured before they file their affidavits.

If any intricate question is involved they should seek the aid of their legal advisers before making arrests.

The judgment of the trial court will be reversed and the cause remanded for new trial.

HORNBECK and GEIGER, JJ, concur.